IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | No. 3:15-CV-1732-M-BK |
| § | |
| RICARDO MONTELONGO, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's *Standing Order of Reference*, Doc. 8, Defendant's motion to dismiss on the basis of improper venue, Doc. 6, has been referred to the undersigned for findings, conclusions, and recommendation.

This lawsuit was filed by the government to collect a debt arising from Defendant's alleged failure to repay federally-guaranteed student loans. Doc. 1, *passim*. As alleged in the complaint, Defendant resides in Arlington, Texas. Doc. 1 at 1. Defendant objects that venue is, thus, improper in the Dallas Division, and requests dismissal or, in the alternative, transfer of this case to the Fort Worth Division. Doc. 6 at 1-2. The government responds that it does not oppose dismissal without prejudice based upon improper venue. Doc. 9.

Here, the Court takes judicial notice of the fact that Defendant's residence in Arlington, Texas is in Tarrant County, which lies within the boundaries of the Fort Worth Division of the Northern District of Texas. 28 U.S.C. § 124(a)(2). When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a). *See also Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (a district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

Accordingly, it is recommended that Defendant's motion to dismiss, Doc. 6, be **GRANTED** and this action **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** October 30, 2015.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE